## Commercial Fire Insurance Co. v. Morris & Co.

### Action on Insurance Contract.

1. *Contract of insurance; statute of frauds.*—Neither a contract to issue a policy of insurance, nor a contract of insurance, nor an agreement to renew an existing policy is within the statute of frauds, and it is not necessary for the validity of such contracts or agreements that they should be in writing.

2. *Same; what necessary to aver in complaint in order to maintain an action.*—In order to maintain an action on a contract to issue a policy, or to procure a policy, or on an agreement to renew an existing policy, it is necessary to aver a breach of the agreement; and a mere allegation in the complaint that the defendant agreed to insure or renew a policy, followed by an averment of the loss and destruction of the property intended to be covered by the insurance, is not the allegation of a breach of the agreement, and such complaint is defective and subject to demurrer.

3. *When contract of insurance binding.*—Before a contract of insurance or an agreement to insure is binding between the parties, the property to be insured, the period, rate to be paid, and amount of insurance, and all other essential elements and terms of the contract must be expressly or by implication understood and mutually agreed

[Commercial Fire Insurance Co. v. Morris & Co.]

upon; and the mere expression of a desire by one intending to procure insurance, or a proposition made to an insurance agent to insure property, and the assent or acceptance by such agent to insure, without more, does not amount to a contract of insurance, or to an agreement to insure.

4   *Same; same; when contract aided by previous policy.*—The mere fact that there have been previous dealings of insurance between the parties, without some reference to such previous dealings, is not sufficient to show a completed and binding contract that the parties intended to and did adopt in their contract subsequently made the provisions and terms of the former transactions; but where there exists a contract of insurance, which has not expired, and there is an agreement between the parties to renew the policy, and no change is suggested or agreed upon, it will be presumed that the renewal contract included and adopts all the provisions of the existing contract of insurance, and such contract is complete and binding upon the parties.

5.   *Action on contract of insurance; admissibility in evidence of former policy.*—In an action to recover damages for the breach of a contract of insurance, where the evidence shows that the parties contracted in reference to provisions of previous dealings, and the agreement was to renew the existing contract of insurance, as shown by the policy formerly issued, such policy is admissible in evidence to show the terms of the contract sued upon.

6.   *Agency; when declarations of an agent not admissible.*—Declarations or admissions of an agent, made after the execution for his principal of an alleged contract, are not admissible in evidence to prove the contract; such declarations or admissions being no part of the *res gestae* and having reference only to a past transaction.

7.   *Same; previous dealings with agent admissible to show waiver of payment of premium.*—The payment of the premium due on an insurance policy as a condition of its validity, may be waived by the agent issuing the policy; and facts showing the previous dealings by the insured with the insurer's agent, in respect to the waiver of the payment of the premium, are admissible in evidence as tending to show whether or not there was such waiver in the present transaction.

8.   *Same; person dealing with general agent not bound by secret instructions.*—A person dealing with the general agent of an insurance company, acting within the apparent scope of his authority, is not bound by secret instructions from the principal to the agent, which are not brought to the knowledge or notice of such person.

9.   *Fire insurance; parol evidence as to settlement of loss having been made.*—Where a fire insurance policy required that the insured should, in the event of loss, furnish the insurer with a written statement of the loss, the fact that the insurer was furnished with such a statement of loss may be shown by parol evidence.

10.   *Charge to the jury.*—An instruction to the jury which refers to a material controverted fact "as shown by the evidence," is errone-

ous; the phrase "as shown by the evidence" assuming as proven the fact referred to.

APPEAL from the District Court of Colbert.

Tried before the Hon. W. P. CHITWOOD.

The appellees, T. J. Morris & Co., brought the present action against the appellant, the Commercial Fire Insurance Company, to recover damages sustained by the plaintiffs by reason of the destruction of their stock of goods by fire. In the 1st count of the complaint, the plaintiffs claim $1,500 "due by contract entered into the 29th day of November, 1890, by the defendant with plaintiffs, to insure the store fixtures," stock of goods, such as is usually kept in a drug store, &c., which fixtures, goods &c. were destroyed by fire on February 15, 1891. In the 2d count the plaintiffs claim the same amount as "due by a contract made and entered into by the defendant, on the 29th day of November, 1890, with the plaintiffs, to issue to the plaintiffs a policy of insurance to insure the fixtures," stock of goods, &c., contained in the storehouse occupied by the plaintiffs, which fixtures and stock of goods were destroyed by fire on February 15, 1891. In the 3d count of the complaint, the plaintiffs claim of the defendant the sum of $1,500, the value of the store fixtures, stock of drugs, oils, &c., which were kept in a store occupied by the plaintiffs, and "which the defendant, on the 29th day of November, 1890, insured in a policy of insurance to the plaintiffs against loss or injury by fire, for a term of one year," which fixtures, goods, &c., were destroyed by fire on February 15, 1891, of which the defendant has had notice.

Defendant demurred to each of these counts of the complaint, on the ground, among others, that the plaintiffs did not allege therein or show that there was any breach of the contract therein named, on the part of the defendant by the failure to issue the policy. The demurrers to the 1st count of the complaint were sustained, and to the 2d and 3d counts they were overruled. The plaintiffs amended their complaint by adding a 4th count, in which they claimed the same amount named in the other counts, due by contract to insure their store, fixtures, stock of goods, &c., owned by them, which contract was entered into between the plaintiffs and the de-

fendant, on the 29th day of November, and in this count they set out the way in which the contract to insure was entered into between the plaintiffs and the alleged authorized agent of the defendant.

The defendant pleaded several pleas, which were in effect the general issue, and also to all of the counts of the complaint the statute of frauds, in that the alleged contract was not to be performed in one year, and was therefore void, because it was not in writing. On motion of the plaintiffs, the plea of the statute of frauds was stricken from the files, and to this ruling the defendant duly excepted.

On or about the 29th day of November, 1889, the plaintiffs below insured with the defendant company their stock of goods in a drug store, in a specified building in Sheffield, for the sum of fifteen hundred dollars, which insurance was effected through and with the general agent of defendant at Sheffield, one S. S. Higgins, who, confessedly, then had authority for obtaining and making contracts of insurance. A policy bearing the date above mentioned, and expiring one year thereafter, was issued by defendant, through said agent, for this insurance, and delivered by said agent to plaintiffs. The premium for this insurance was paid to Higgins, by crediting against the same the amount of a small loss the insured had sustained in another building, under a previous policy from the same company, and by further crediting the account of Higgins with the plaintiffs, under his direction, by the balance of the premium. The agent, Higgins, during the period covered by this policy entered into a partnership with one Ashe, and the firm became the agents of the defendant in the same manner that Higgins had previously been.

The evidence for plaintiffs tends to show that a short time before this policy expired, T. J. Morris, the active man of Morris & Co., saw Higgins, with whom all his insurance business had been conducted, and told him, he wanted his policy renewed, to which Higgins assented; and afterwards Morris was told by him that the insurance had been made, whereupon Morris requested Higgins to come by their store, and he would settle for the premium, which Higgins agreed to do. The defendant's testimony tends somewhat to contradict this, although in many respects it is corroborative of that for plaintiffs.

It is claimed for the defendant, that before the time of the proposed renewal of the policy Higgins & Ashe had ceased to be its agents at Sheffield, but no evidence of the revocation of their agency was offered, except a letter of November 17th, 1890, no notice of which to the plaintiffs is shown. This letter, which was written by the defendant to Higgins & Ashe in Sheffield, contained the following sentence: "We * * * give instructions that no future business shall be assumed for us until all pending matters are closed." Higgins and Ashe, as witnesses for the defendant, testified that this letter was the only revocation of their agency for the company. Various objections were made by defendant to the introduction of certain testimony by plaintiffs. These objections are all directed against evidence of statements by Higgins, as agent of the defendant, after, as insisted, he had ceased to be such agent, and to the introduction of the policies for former years and the previous dealings of the assured, in respect to their insurance and policies, with such agent.

There were many exceptions reserved by the defendant to the rulings of the court upon the evidence, and there were many charges given at the request of the plaintiffs, and many charges asked for the defendant were refused; but it is deemed unnecessary to set out these several rulings in detail.

There was judgment for the plaintiffs, from which judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. B. MOORE and JACKSON & SAWTELLE, for appellant.

ROULHAC & NATHAN, *contra.*—The contract sued upon in this case is not within the provisions of the statute of frauds, and, therefore, the plea of such statute presents an immaterial issue.—*Mobile Ins. Co. v. McMillan*, 31 Ala. 711; *Home Ins. Co. v. Adler*, 71 Ala. 524; *Wiebeler v. Milwaukee Ins. Co.*, 30 Minn. 464; *Walker v. Met. Ins. Co.*, 56 Me. 371; *Baptist Church v. Brooklyn Ins. Co.*, 19 N. Y. 308; *Sanborn v. Ins. Co.*, 16 Gray (Mass.) 448.

2. The rule is, that an agent can not, by a declaration or admission made after he ceases to be agent, bind his principal for his acts or agreements; but if he does

[Commercial Fire Insurance Co. v. Morris & Co.]

the act, or makes the agreement, while he is agent, there is no rule which prohibits such act, or declaration, or agreement, being shown in evidence though he is no longer agent. Thus, if A. is to-day the agent of B. and makes a contract with another within the scope of his employment, and is discharged to-morrow, he may testify of such action at any time in the future it becomes appropriate to do so.—*Tennessee &c. Co. v. Kavanaugh*, 93 Ala. 330; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; *Wailes v. Neal*, 65 Ala. 61. The fact of agency being shown, of which in this case there is no dispute, what the agent did as agent and while agent may be proved at any time. *Martin v. Brown*, 75 Ala. 447; *Talladega Ins. Co. v. Peacock*, 67 Ala. 253; 1 Greenl. on Ev., §§ 112, 133.

3. A general agency having been shown to have once existed, is presumed to continue until determined by the act of the parties, or by operation of law. Those dealing with an agent, the representative of the principal, have a right to continue such dealings, until the agency is revoked, and they have received notice of its termination.—Mechem on Agency, §§ 223, 224, 230; *Insurance Co. v. McCain*, 96 U. S. 84; 1 Amer. & Eng. Encyc. of Law, 448.

4. The letter which it is contended constituted a revocation of the authority of the agents, can not affect the plaintiffs in this case, who had been dealing with such agents in the business of the agency for some years before and continuously, unless notice of some sort had been given the plaintiffs of the revocation. Hence, the objections to the evidence were properly overruled, and the charges requested on this proposition were properly refused. If, then, the agency was a general one, the acts of the agent were binding on the company.—*Insurance Co. v. Wilkinson*, 13 Wall. 234; *Insurance Co. v. Webster*, 6 Wall. 129; *Mound City Ins. Co. v. Huth*, 49 Ala. 529; *Perkins v. Washington Ins. Co.*, 4 Cow. 645; *Lightbody v. North Amer. Ins. Co.*, 23 Wend. 18; 2 Hermann on Estoppel & Res Adjudicata, § 1204; *Franklin Ins. Co. v. Colt*, 20 Wall. 560; Wood on Fire Ins., §§ 4, 10, 16, 20, 542; 1 Addison on Contr. pp. 104, 110, § 62; *Home Ins. Co. v. Adler*, 71 Ala. 524.

5. While the payment of premiums is necessary to keep a policy alive, such payment may be waived by the principal, or its agent for receiving premiums.—*Home*

*Protection Ins. Co. v. Avery*, 85 Ala. 348; 11 Amer. & Eng. Encyc. of Law, 333; 18 Amer. & Eng. Encyc. of Law, 156; 5 Law. R. R. & Pr., p. 3498, §§ 2045, 2050; *Sheldon v. Ins. Co.*, 25 Conn. 207; 65 Amer. Dec. 565. It is thus competent for such an agent to extend credit for the premiums; or to apply the premiums to his own debt.—*Home Ins. Co. v. Adler*, 71 Ala. 524.

6. These principles are all applicable to renewals; and in many particulars serve to more firmly fix the liability on the insurance company, from the previous knowledge of the existence of the insurance by the principal, and from the well known course of business as to renewals of policies by the same insurer.—Wood on Fire Ins., § 131; *Pitney v. Glen's Falls Ins. Co.*, 65 N. Y. 6; *Home Ins. Co. v. Adler*, 71 Ala. 524.

COLEMAN, J.—The plaintiffs, Morris & Co., sued the defendant upon an insurance contract to recover damages sustained in the loss of drugs, merchandise, &c. destroyed by fire. There are several counts in the complaint, one or more counting upon an agreement to insure, another upon a contract of insurance, and another upon an agreement to renew, and one upon an agreement of renewal of an existing policy of insurance, alleged to have been made a few days before the period of its expiration. As this case must be reversed for reasons which will appear in the opinion, we deem it proper to state general rules which seem to us to govern the case, without considering specifically and in detail each of the several assignments of error. First, we hold that neither an agreement to issue a policy of insurance, nor an agreement to renew an existing policy, nor a contract of insurance, is within the statute of frauds, and such contracts or agreements need not be in writing. Second, that a count which seeks a recovery upon a mere agreement to issue a policy, or to procure a policy, or an agreement to renew an existing policy, which does not aver a breach of the agreement, is defective. A mere allegation that the defendant agreed to insure, or to renew a policy, followed by an averment of the loss and destruction of the property intended to be covered, does not show a breach of the agreement. We are aware, that a similar count was held good in the case of *Mobile*

*Marine Dock & Mutual Ins. Co. v. McMillan & Sons*, 31 Ala. 711, but an examination of the case shows, that the grounds of the demurrer assigned, did not specifically raise the objection we are considering, and was not passed upon by the court. In the later case of *Home Ins. Co. v. Adler*, 71 Ala. 516, the character of the complaint is not stated, but the principle is declared that an action at law may be maintained upon a parol agreement to insure, "if all the terms of the contract were agreed upon, so as to cover the time of the loss *and the breach consisted in the failure to issue the policy as agreed on.*" Courts of equity entertain bills filed to enforce specific performance of parol agreements to insure, which would be wholly unnecessary if an agreement to insure was in legal effect, the same as a contract of insurance. Having jurisdiction to enforce specific performance, upon proper prayer, courts of equity administer full relief.—*Ala. Gold Life Ins. Co. v. Mayes*, 61 Ala. 163; *Tayloe v. Merchants' Fire Ins. Co.*, 9 How. (U. S.) 390 ; *Commercial Mut. &c. Ins. Co. v. Un. Mut. Ins. Co.*, 19 How. 318–321.

In the case of *Lancaster Mills v. Merchants' Ins. Co.*, 89 Tenn. 1, s. c. 24 Amer. St. Rep. 586, the court uses this language : "A contract to carry insurance or to cover with insurance, as a representation to a depositor that his deposit is insured, is very different in its legal effect from the absolute liability of an insurer. In the latter case the action is upon the risk or policy for the value of the property destroyed, if within the amount of the risk. In the other case, the action would be for such damages as resulted from the breach of the obligation to carry insurance. The measure of damages may be the same." The demurrer to the second count raised this question directly, and probably the objection was applicable to other counts. The reasoning of the court in *Tayloe v. Merchants' Fire Ins. Co.*, 9 How. 390, *supra*, p. 405, is in direct line with our conclusion.

The authorities agree, that before a contract of insurance, or to insure, is binding, all the essential elements and terms of the contract, must be understood and mutually assented to. A mere expression of a desire by one intending to procure insurance, or a proposition made to an insurance agent to insure property, and an assent or acceptance by the agent to insure without more,

would not amount to a contract of insurance or an agreement to insure. The subject matter, period, rate to be paid, and amount of insurance and perhaps other elements must be agreed upon expressly or by implication before there can be an absolute binding agreement between the parties; nor would the mere fact that there had been previous dealings of insurance, between the parties, alone, without some reference to such previous dealings, be sufficient to show a completed and binding contract that the parties intended to and did adopt the provisions of the former dealings. Where, however, there exists a contract of insurance, not expired, and there is an agreement between the parties to renew the policy, and no change is suggested or agreed upon, it will be implied that the renewal contract included and adopts all the provisions of the existing contract of insurance. Such a contract is complete in all respects, and upon failure to comply with the agreement, the party offending, may be compelled by bill in equity, specifically to perform the agreement, or held liable in a court of law for damages, resulting from a breach of the agreement.—*Mobile Marine Dock & Mut. Ins. Co. v. McMillan & Sons*, 31 Ala. 711, *supra; Home Ins. Co. v. Adler*, 71 Ala. 524; *Ala. Gold Life Ins. Co. v. Mayes*, 61 Ala. 163 *supra;* 9 How. (U. S.) *supra*, p. 405; *Lancaster Mills v. Merchants Ins. Co.* 89 Tenn. 1, *supra*. Where the evidence shows that the parties contracted with reference to provisions of previous dealings, it is competent to show the terms of such previous dealings, in order to arrive at the intention of the parties and to ascertain all the terms of the contract made; and where the agreement was to renew an existing contract of insurance, it was proper and necessary to admit in evidence such existing contract of insurance. Whether or not there was a parol contract to insure, or a parol contract to renew or of renewal, was a question of fact to be determined by the jury. It is not competent to prove a contract by the declarations or admissions of an agent, subsequently made. Such declarations or admissions are no part of the *res gestae*, but are mere declarations or admissions of a past transaction and are never competent to prove a fact against the principal of the agent making them. The objection to this evidence should have been sustained. On cross-examination of

the agent he might have been asked, if he had not made such declarations or admissions, giving time and place, and upon his denial, it would have been proper to show, for the purpose of impeachment, that he had made them. The admissions then would be admissible, not to show a contract, but to be considered by the jury in determining the credibility of the witness.

It was competent to show that the agent waived the payment of the premium, and the manner of their previous dealings in this respect could be looked to by the jury in determining whether there was a waiver.—*Home Ins. Co. v. Adler*, 71 Ala. 524, *supra*; *Long v. North British & Mer. Ins. Co.*, 137 Penn. St. 335, 21 Amer. St. Rep. 879.

It is competent to show by parol that the insurer has been furnished with a written statement of the loss.— *Hagan v. Merchants' & Bankers' Ins. Co.*, 81 Iowa 321, 25 Amer. St. Rep. 493. In this case the following declaration is made: "There being no issue as to the form or sufficiency of the notice and proof, there was no necessity for introducing evidence of the contents of either; and hence the admission of the copy could not have prejudiced any rights of the defendant, and is, therefore, not ground for reversal."

A person dealing with a general agent, acting within the apparent scope of his authority, is not bound by private or secret instructions from the principal to the agent, not made known or of which such person has no knowledge. The court did not err in any of its rulings on this question.—*Hahn v. Ins. Co.*, 23 Oregon, 576, 37 Amer. St. Rep. 709.

The phrase "as shown by the evidence" assumes as proven the fact referred to, and when used in a charge to the jury, with reference to a material fact which is controverted, renders the instruction erroneous.

Reversed and remanded.