# Philip Carey Mfg. Co. *v.* Southern Const. Co.

*Breach of Contract.*

(Decided Nov. 16, 1911.  56 South. 746.)

1. *Pleading; Demurrer; Refiling; Effect.*—Where a complaint was amended by the addition of another count, and the demurrer interposed to the original complaint was refiled to the amended complaint the demurrer was applicable to the complaint as a whole and if either count of the complaint was good, the demurrer should be overruled.

2. *Contracts; Breach; Complaint.*—The complaint in this cause examined and held not subject to demurrer for uncertainty in failing to show when the roofing was put on the house by the defendants; when plaintiff notified defendant of its leaky condition and made a demand for replacement; or for failure to show that the guaranty was in writing, or that plaintiffs ever paid the defendants for the defective roof.

3. *Frauds, Staute of; Agreements not to be Performed Within a Year.*—A contract guaranteeing the condition of a roof for five years was not an agreement, which by its terms was not to be performed within a year from the making thereof, within the statute of frauds.

4. *Appeal and Error; Objections; Time of Taking.*—The objection that there is a variance between the pleadings and the proof cannot be raised for the frst time on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by the Southern Construction Company against the Philip Carey Manufacturing Company for damages for breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is as follows: "Plaintiff claims of defendant, a body corporate, the sum of $627.32 as damages, for that on, to wit, the 7th day of October, 1904, plaintiff who was then and there a contractor for the building of houses, purchased from the defendant, which was then and there a corporation engaged in the manufacture of roofs and roofing, a certain roof for use

by plaintiff as contractor on a certain building in Yazoo City, Miss.; that said roof was guaranteed by defendant for a period of, to wit, five years; that said roof was put on said building by an agent or agents of respondent, but notwithstanding such guaranty, said roof leaked so badly and continuously that it was unsound or unfit for service on said building. Thereupon plaintiff notified the defendant of the leaky and unsatisfactory condition of said roof, and demanded that said unsound roof be removed by the defendant, and that a new roof be furnished and put on said building by defendant; but, notwithstanding said demand by plaintiff, the defendant failed or refused to comply with said demand within a reasonable time after said demand was made, and thereupon the owner of said building condemned said unsound roof and ordered plaintiff to remove same, and have a new and sound roof put on said building. In compliance with said demand of said owner, plaintiff thereupon had said unsound roof removed, purchased a new roof from another roof dealer, and had the said new roof put on the said building at a great cost, viz.: The total cost for the removal of the unsound roof, and the purchase of a new roof, and putting on of said new roof, amounted to the sum named above in said complaint, for which plaintiff sues."

The second count, added by way of amendment, is as follows: "Plaintiff claims of defendant, a body corporate, the sum of $627.32 as damages, in this: That on, to wit, the 1st day of October, 1904, the plaintiff, who was then and there a contractor for the building of houses, purchased, and paid therefor, from the defendant, which was then and there a corporation engaged in the manufacture, sale, and putting on of roofs and roofing, a certain roof to be used by plaintiff as contractor for a certain building in Yazoo City;

Miss., owned by one Harrison; said roofing being bought by plaintiff from defendant and put on said building by the agents and workmen of the defendant in the month of October, 1904. That said roof is guaranteed in writing under date of November 23, 1904, by the defendant for a period of five years. That, notwithstanding said contract of guaranty made by defendants, the said roofing put on said building by defendant for the plaintiff was so defective and leaked so badly that it was unfit to remain on said building, and the owner of said building condemned said roofing, and ordered same removed from said building at the expense of plaintiff. That plaintiff notified defendant of the leaky and unsatisfactory condition of said roofing, and demanded of defendant the removal of said roofing and the putting on of a new roofing. That the defendant failed or refused to comply with said demand of plaintiff within a reasonable time, and in consequence of defendant's failure, plaintiff was compelled by the owner of said building to remove said roofing at its own expense and put on a new roofing bought from another dealer. And plaintiff says that by reason of the wrongful failure of defendant to make good its guaranty of said roofing, plaintiff was put to heavy costs and expense, to wit, in purchasing said new roof and putting same on said building, and in damage to said building which plaintiff was compelled to repair, amounting in the aggregate to the sum of $627.32, for which plaintiff brings this action."

The demurrers were: That the allegations were vague, uncertain, and indefinite, in that they do not show when any of said roofing was put upon said house by defendant under said alleged contract between it and plaintiff, nor upon what house it was placed, nor when plaintiff notified defendant of its leaky condition, nor when it

made demand on defendant to repair or replace same. It does not allege or show that the guaranty was in writing and binding on defendant. It does not show that plaintiff ever paid defendant for said alleged defective roof, or any part of the contract price therefor, or ever offered to do so.

CHARLES A. CALHOUN, for appellant. The court erred in overruling defendant's demurrer to the original and amended complaint.—*Newton v. Brooks*, 134 Ala. 272; *Wefel v. Stillman*, 151 Ala. 249; *Manier v. Appling*, 112 Ala. 663. The plaintiff failed to establish a written guarantee and a breach thereof as claimed, and this burden was put upon him by the plea of the general issue.—Benjamin on Sales, 452, 463; 30 A. & E. Enc. of Law, 133. The contract was void if not in writing because not to be performed within one year.—Sudb. 10, Section 4289, Code 1907. There were several fatal variances between the allegations of the complaint and the proof.—*Prestwood v. McGowan*, 148 Ala. 475; *Hatch v. Varner*, 150 Ala. 440; *McDonald v. Walker*, 95 Ala. 175; *Conrad v. Gray*, 109 Ala. 130.

VASSAR L. ALLEN, for appellee. No brief came to the Reporter.

WALKER, P. J.—Upon the amendment of the complaint by adding another count, the demurrer which had been interposed to the original complaint was, as stated by the minute entry, "refiled to the complaint as amended." The effect of this action was to make the demurrer applicable to the amended complaint as a whole, not to each count separately and severally; and, if either of the counts was not subject to the demurrer on the grounds stated, it could not properly be sustained.

Certainly the second count of the complaint as amended was not lacking in the requisite certainty and definiteness in averring the contract between the parties, and a breach by the defendant of a duty imposed upon it by that contract. It was not subject to the demurrer interposed on either of the grounds stated. It is not intended to be intimated that the demurrer would have been regarded as well taken to the first count if it had been directed against that count separately.

A contract to guarantee for a term of five years a roof furnished for and put on a building is not an "agreement, which, by its terms, is not to be performed within one year from the making thereof," within the meaning of these words as used in the statute of frauds. (Code, § 4289), as the contingency upon which the liability is to accrue may happen within one year.— *Springfield Fire & Marine Ins. Co. v. De Jarnett,* 111 Ala. 248, 19 South. 995; *Commercial Fire Ins. Co. v. Morris & Co.,* 105 Ala. 498, 18 South. 34; 20 Cyc. 201, 205. In the case at bar the breach of duty averred and relied upon was within much less than a year from the date of the making of the contract.

In reference to the assignments of error based upon the claim that there was a variance between the allegations of the complaint and the proof, it is enough to say that in the trial before the court sitting without a jury no suggestion of a variance was made. When no such objection was made in any way in the trial court, it cannot be raised for the first time on appeal.—*Odom, as Ex., v. Moore,* 147 Ala. 567, 41 South. 162.

Under the familiar rules governing the review on appeal of the action of a trial court on a motion for a new trial, it cannot be said that the record presents a case warranting a reversal of the order of the court below refusing a new trial.

Affirmed.