93 So.2d 790

## SOUTHERN STATES LIFE INSURANCE COMPANY

v.

## Mildred LOWERY.

8 Div. 718.

Court of Appeals of Alabama.

March 12, 1957.

Wm. Stell, Russellville, for appellee.

CATES, Judge.

On the 26th day of July, 1954, Mrs. Bascom Lowery, the appellee, was admitted to the Betty Wilson Hospital in Russellville, Alabama, under the care of Dr. W. E. Wilson, and underwent a total hysterectomy. Mrs. Lowery apparently assumed that the expenses incident to this operation were covered by some form of insurance with the appellant. The appellant thinks not.

On November 23, 1953, Charles C. Hellums signed a printed form setting forth under the name of the appellant certain schedules consisting, among other things, of "Hospital and Surgical Expense Plans." These consisted of three vertical columns, the first column bearing the caption $4 plan, the second column, $6 plan, and the third column, $8 plan. Horizontally were listed the benefits under the various plans; for example, on the first line appeared "Hospital Room and Board" up to $160 in the first column, $600 in the second column, and $800 in the third column. The remainder of the schedule consisted of such things as the sick or accident per diem benefits for confinement (apparently not overlapping hospitalization), surgical fees, and nurses' expenses. Then followed a schedule of premium rates for each of the three plans and whether or not the premium would be paid monthly, quarter-

Weaver & Snoddy, Haleyville, for appellant.

ly, semi-annually, or by the year. Pertinent to our inquiry here, appeared:

"Effective Rates (sic)

"Accidents: from noon of date of policy.

"Sickness: the cause of which originates more than 30 days after date of policy, except that sickness for certain named causes, or sickness resulting in a surgical operation covered only if originating more than 6 months after Policy date.

"Maternity: after 10 months from date of policy."

We take the word "Rates," above quoted, to be a typographical error by the court reporter for the word "dates." The form then continues with other matter and a number: "700–A–9–56." The receipt appended to the prospectus reads as follows:

"Receipt          Date 11–23, 1953

"Received of Mildred Lowery the sum of ——— Dollars ($———) for registration fee and ——— month(s) premium, with application for Policy Form ———, which provides a Daily Hospital Benefit of $7.20   If for any reason the application is not approved and policy insured by the Company, this payment is to be refunded.  No liability is created or assumed by the Company until the policy applied for has been issued.

"Chas. C. Hellums·

"Authorized Representative"

Contemporaneously with the delivery of the foregoing document, Mrs. Lowery executed and delivered to Mr. Hellums, on a paper denominated 10A, an "Application for Hospital Expense Policy," addressed to the appellant at its home office in Houston, Texas.  This application listed the name of Mrs. Lowery and her two daughters, their dates of birth, ages, height, weight, and the monthly premium for each of them, coming to a total of $4.20, and the expression "Daily Room Service" followed by "$8.00."  The remainder of the application consisted of the address, occupation, race, health, other insurance, association with tuberculars, certain enumerated diseases not here pertinent, and whether or not any of the three persons to be insured had received medical or surgical advice or treatment within the past five years.  The last item of the application reads as follows:

"9.  Do you agree that the insurance applied for shall be subject to the conditions and provisions of the policy, and that it shall not be effective until a policy has been actually issued hereon and delivered into your manual possession, while you and all other members of the Family Group are alive and in good health?  Yes

"Signed at Russellville this 23 day of Nov 1953.

"Signed Mildred Lowery
    (Signature of Applicant)
Amount paid to agent: $4.20 for registration fee and one month's premiums.
Agent: Chas C. Hellums·
Agent's Address Russellville
Manager: ——— Dist: ———."

The policy issued by the company would otherwise cover the expense of Mrs. Lowery's hysterectomy except for the following provision:

"Part 2  Maternity and/or Disease Benefit

"Indemnity otherwise payable under this policy, including supplements, if any be attached hereto, for loss resulting, wholly or partly, from pregnancy, childbirth, or miscarriage, or injury to, or disease of, a female generative organ, or organs, shall be paid only if such loss occurs while this policy is in force and after it has been maintained in force continuously for

twelve (12) consecutive months after its effective date or date of last reinstatement."

No question as to the fact or reasonableness of Mrs. Lowery's expense has been raised. She brought suit under a complaint which, after amendment, pleads an agreement to insure (as distinguished from a contract of insurance), and claiming $288.50 by reason of the failure and refusal of the appellant to pay that amount under averred agreement.

The appellant demurred, assigning some sixteen grounds therefor. The demurrer was overruled, and the defendant filed twelve pleas in his answer. The defendant's demurrers interposed to these pleas were overruled; whereupon, by replication, plaintiff joined issue and trial was had without a jury, with the outcome being a judgment in favor of the plaintiff for $200, together with costs. Thence here upon assignments specifying error in the overruling of defendant's demurrers and motion for a new trial.

The complaint is as follows:

"The plaintiff claims of the defendant the full sum of $288.50 together with interest thereon from the 3rd day of August, 1954, and avers as follows:

"That for a premium or reward, which the plaintiff paid, the defendant agreed with the plaintiff to issue unto him its policy of insurance the same to be dated December 1, 1953, the rights and ownership to said contract are still owned by the plaintiff, wherein and whereby in addition to insuring against other perils to be mentioned in said insurance policy or contract, the defendant corporation agreed to reimburse or pay all surgical, medical and hospital expenses incurred by the plaintiff and minor members of her household by reason of hospitalization in a lawful hospital, but not to exceed $8.00 per day and not to exceed a period of 100 days for room and surgical fees not to exceed $250.00 for any one ill-

ness and miscellaneous hospital expenses but not to exceed $25.00 for blood transfusions, laboratory $10.00, X-Rays $10.00, Medicines $10.00.

"Plaintiff alleges that from July 26, 1954, to August 3, 1954, a period of eight days, she was confined to a lawfully operated hospital where she underwent an operation and as a result of said operation and hospitalization plaintiff incurred expenses as aforesaid.

"And plaintiff avers that the defendant corporation has had notice of the said losses and after said notice has failed and refused to pay the same. Wherefore he complains and sues."

We have not considered the effect of Act No. 193, approved July 16, 1953, Code 1940, Title 28, Supp., Sections 418–428, if it has become effective.

The demurrer to this complaint should have been sustained upon the principle of pleading stated in Commercial Fire Insurance Company v. Morris, 105 Ala. 498, 18 So. 34. There Morris & Company suffered a loss by fire and considered themselves covered because Morris had asked the company's agent to renew. The complaint contained counts discussed there, 105 Ala. at page 504, 18 So. at page 36, as follows:

"* * * a count which seeks a recovery upon a mere agreement to issue a policy, or to procure a policy, or an agreement to renew an existing policy, which does not aver a breach of the agreement, is defective. A mere allegation that the defendant agreed to insure, or to renew a policy, followed by an averment of the loss and destruction of the property intended to be covered, does not show a breach of the agreement. We are aware that a similar count was held good in the case of [Mobile Marine Dock & Mutual] Ins. Co. v. McMillan [& Sons], 31 Ala. 711, but an examination of the case shows that the grounds of the demurrer assigned did not specifically

raise the objection we are considering, and it was not passed upon by the court. In the later case of Home Ins. Co. v. Adler, 71 Ala. 516, the character of the complaint is not stated, but the principle is declared that an action at law may be maintained upon a parol agreement to insure, 'if all the terms of the contract were agreed upon, so as to cover the time of the loss, *and the breach consisted in the failure to issue the policy as agreed on.*' Courts of equity entertain bills filed to enforce specific performance of parol agreements to insure, which would be wholly unnecessary if an agreement to insure was in legal effect, the same as a contract of insurance. * * *" (Italics supplied in quoted opinion.)

In view of this principle, we do not feel that this Court can approve a complaint which bypasses an allegation that the agreement to insure has been breached. Accordingly, the cause is reversed and re-. manded for further proceedings in conformity herewith.

Reversed and remanded.