# Dailey *v.* Alabama Consolidated Coal & Iron Co., *et al.*

### Bill to Quiet Title.

(Decided June 29, 1911. Rehearing denied February 17, 1912. 57 South. 693.)

*Equity; Submission; Note.*—Where a deed was received without objection in evidence and corresponded with the answer, the fact that the note of testimony incorrectly stated the date of the deed, did not constitute reversible error.

(Somerville, J., dissents in part.)

22—178

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by John R. Dailey against the Alabama Consolidated Coal & Iron Company, to quiet title to certain land. Decree for respondents and complainant appeals. Affirmed in part, and in part reversed and rendered.

RICHARD B. KELLY, and MAUD McLURE KELLY, for appellant. Ten years adverse possession before the filing of the bill was sufficient to vest the legal title.—*Echols v. Hubbard,* 90 Ala. 309; *Brand v. Car Co.,* 128 Ala. 579; sec. 4834, Code 1907. Then if complainant was in peaceable possession at the time the bill was filed, he is entitled to a decree unless the evidence showed a superior title in defendant. Under the rule of practice in chancery, it is mandatory upon this court to disregard the unnoted deed.—Rule 75, Ch. Pr.; *Tatum v. Yahn,* 130 Ala. 575; *Reese v. Barker,* 85 Ala. 497; *Carter v. Thompson,* 41 Ala. 375.

VAN DE GRAAFF & SPROTT, for appellee. The claim of title which must enter into and is characteristic of adverse possession has in it no element of stealthiness nor is it elastic or flexible.—*Potts v. Coleman,* 67 Ala. 228. The deed corresponded with the answer, was received without objection, and was properly considered by the court, and should be here considered.—*Odom v. Moore,* 147 Ala. 568.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellees, under the statute, to quiet title to certain lands described in the bill. Without regard to whether the deed from Matilda Norwood to John R. Dailey is genuine or not, yet taking into consideration the fact that said Dailey, according to his

[Dailey v. Alabama Consolidated Coal & Iron Co., et al.]

own testimony, purposely kept the deed off the record to prevent notice from reaching the owner of the title, and other evidence before the court, we hold that as to all of the land involved, except the S. E. ¼ of the S. E. ¼ of section 3, township 21, range 7 W., the possessory acts were furtive, and not such as to establish adverse possession.

As to said S. E. ¼ of S. E. ¼, we hold that the complainant established adverse possession, without regard to the said deed. The acts of possession, referred to in the conflicting testimony, since the recording of the deed, are not sufficient to establish title in the complainant, as against the legal title shown by the respondents.

The fact that the note of testimony incorrectly states the date of one of the deeds introduced in evidence is not reversible error. The deed introduced corresponds with the allegation of the answer, and said deed was introduced in evidence without objection.—*Odom, Ex'r, v. Moore,* 147 Ala. 568, 41 South. 162.

The decree of the court is reversed, and a decree will be here rendered, declaring that the respondents have no title to the S. E. ¼ of the S. E. ¼ of section 3, township 21, range 7 W., in Tuscaloosa county, but that they have title to the remainder of said land. The appellant will pay one-half of the costs of the case, and the appellees will pay one-half of the same.

Reversed and rendered.

ANDERSON, MCCLELLAN and SAYRE, JJ., concur. DOWDELL, C. J., and MAYFIELD, J., not sitting.

SOMERVILLE, J.—(concurring and dissenting.) I find no support in the record for the conclusion that the complainant is entitled to a decree warding to him

all of the 40-acre subdivision at one end of which he appears to have made his home for more than the period of limitations. The evidence shows that his residence was but a short distance across the line from his own land, and that his actual occupation of the 40 did not exceed an area of 5 or 6 acres at most. Conceding, as it seems to be the case, that complainant had by a possessio pedis acquired title to this much of the 40, there is still not a particle of evidence by which the small area in actual occupation can be defined or determined; and hence the chancellor was unable to ascertain its limits or location, and powerless to decree any relief with respect thereto. The proper solution of such a case is, in accordance with well-settled principles, not to award to the claimant a tract bounded by the purely imaginary lines of the sectional subdivision next surrounding the occupied tract, but to deny to him all of it, in the absence of a valid color of title thus extending his possession.

For these reasons, I think the chancellor's decree should be affirmed in toto.