ETTA A. WHITE & another vs. WILLIAM H. DODGE
& others.

Suffolk.   December 2, 1904. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bills and Notes.   Pledge.*

If one, who has obtained by fraud a negotiable promissory note and as security for it a mortgage and mortgage note, sells and indorses the first named note before maturity and transfers it with its security to a *bona fide* purchaser for value, the purchaser takes a clear title to the note with its security which is good in equity as well as at law, and it does not matter whether the mortgage note held as security is negotiable.

KNOWLTON, C. J.   This is a bill in equity in which the first named plaintiff, acting by her guardian, seeks to set aside a note of $1,591.65, given by her to the defendant Dodge and by him indorsed to the defendant Conant, and also an assignment of a mortgage and note for $9,000 given to her by George B. White, and assigned by her to Dodge as collateral security for the first mentioned note.   The master to whom the case was referred found the facts in favor of the defendants upon nearly all the questions in issue.   Exceptions to his report were overruled in the Superior Court, and a decree was entered for the defendants, from which the plaintiffs appealed.

A careful reading of the very voluminous report of evidence shows no error on the part of the master material to his decision that " there is no ground for granting the relief prayed for in the plaintiffs' bill."   There is nothing in the testimony that leads us to doubt the correctness of his finding that " the defendant Conant was a *bona fide* purchaser of the said two notes and mortgage for value and without notice."   The affirmative evidence on this point is clear and convincing.   The note of $1,591.65 was payable on time, and was indorsed to the defendant Conant before maturity.   The note and mortgage for $9,000 which had been assigned by the first named plaintiff to Dodge as security when she made the first mentioned note, were assigned by him to Conant as a part of the transaction when he transferred the other note.

The plaintiffs' principal claim rests upon the alleged fraud of Dodge in obtaining the execution and delivery to him of these contracts. If he was guilty of fraud, as she alleges, the title which he obtained was voidable by her; but it was sufficient to enable him to give a perfect title to a *bona fide* purchaser for value, before she took measures to avoid it. R. L. c. 73, §§ 69, 74. *Wheeler* v. *Guild*, 20 Pick. 545. *Rowley* v. *Bigelow*, 12 Pick. 307, 312. *Hoffman* v. *Noble*, 6 Met. 68. *Moody* v. *Blake*, 117 Mass. 23, 26. This elementary proposition of law is a complete answer to the plaintiffs' chief contention.

The plaintiffs say that the note secured by the mortgage was not negotiable, because there is a provision in the mortgage that the mortgagor may pay it, if he chooses, before its maturity. The note itself contains no such provision, and is in terms and in law negotiable. But if, considering both the note and mortgage, a purchaser who takes them together has notice that he does not acquire, under all circumstances, all the rights of a purchaser of ordinary commercial paper (see *Strong* v. *Jackson*, 123 Mass. 60), this is not material in the present case. For, as between the maker and the payee, there was no infirmity in the mortgage note or in the mortgage. Together they constitute valuable property. They were assigned to Dodge. If the contract of assignment was voidable for fraud, his conveyance of them to a *bona fide* purchaser for value transferred a good title, just as such a conveyance, under similar circumstances, would give a good title to a stock of goods which the vendor had obtained by fraud. See cases above cited. See also as to the effect of the previous record of the mortgage, R. L. c. 127, § 5. The purchaser could, therefore, avail himself of the note and mortgage and enforce them, without reference to the question whether the mortgage note was negotiable.

The master rightly found that there was a good delivery of the note and mortgage from George B. White to the first named plaintiff. The weight of the evidence supports the proposition that Dodge held the papers merely as her attorney and agent, and that they were not retained by him for a possible future delivery.

If the case turned upon the question whether Dodge's charges against the plaintiffs were reasonable or excessive, the master

well might have found, in view of the fact that Dodge was not an attorney admitted to practice in the courts of Massachusetts, and seemingly was not familiar with our laws, that his bill was unreasonable and his charges exorbitant. But such a finding would give the plaintiffs no claim against the defendant Conant.

Even if it were found that Dodge took an improper advantage of the relations of confidence existing between him and his client, and thereby fraudulently induced her to execute the note and assign the other note and the mortgage, it would not affect the rights of the plaintiffs against Conant, who is a *bona fide* holder of the notes for value.

The result is that the decree of the Superior Court must be affirmed, except in that part which gives costs to the defendant Dodge. The decree to be entered will give him no costs.

*So ordered.*

*F. O. White*, for the plaintiffs.
*W. H. White*, for the defendant Conant.