# Odom, as Ex., v. Moore.

*Action for Attorney's Fees.*

(Decided May 9, 1906. 41 So. Rep. 162.)

1. *Appeal; Rulings Favorable to Appellant; Review.*—The defendant cannot, on appeal, raise the question of the sufficiency of his plea to which the court overruled a demurrer.

2. *Executors and Administrators; Actions Against; Subsequent Settlement and Discharge; Effect.*—A personal representative cannot defeat a suit against her to enforce a liability against the estate, by subsequently thereto ignoring the liability, making a final settlement, surrendering the assets of the estate to the legatees or judge of probate and obtaining a discharge from the probate court finally discharging her from further liability, where it is shown that she had assets sufficient to pay all claims, including demand sued on.

3. *Same; Pleading; Pleas in Bar.*—A plea interposed by an executrix asserting that subsequent to the bringing of the action she surrendered all the assets of the estate as required by law, and was discharged from further liability, is a plea in bar of a further maintenance of the action, and not a plea in bar of the suit.

4. *Same; Actions Against; Replication; Sufficiency.*—Where defendant executrix pleaded a subsequent discharge as executrix, and a settlement of the estate, a replication alleging that the claim sued on had been duly filed in the probate court and presented to the executrix, and subsequently thereto sued on, at which time the executrix had sufficient assets to pay the indebtedness of the estate, including plaintiff's claim, and that without declaring the estate insolvent and without paying the claim, the executrix procured an order finally discharging her, was sufficient as a replication to the pleas and to justify the further maintenance of the suit and good against demurrers interposed.

5. *Appeal; Review; Questions Not Raised in Lower Court.*—Where the variance between the complaint and proof was not raised in the lower court it is not available on appeal.

6. *Same; Harmless Error; Verdict.*—The evidence warranted a finding for a larger amount than that returned by the jury, and in that state of the record it was harmless error to refuse a new trial, because the verdict was contrary to the evidence.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by John J. Moore against Augustine M. Odom, executrix of P. Chavagnat, deceased, for attorney's fees for services rendered deceased. From a judgment for ·plaintiff, defendant appeals.

The defendant, after pleading the general issue in three different forms, filed plea No. 4, as follows: "For further answer to the complaint defendant says she

ought not to be required to further defend this cause, for that she has been discharged by the probate court of Jefferson county from her position as executrix of the estate of said Chavagnat, and is no longer the executrix of said estate, in which capacity she is sued." The plaintiff demurred to this plea, because said plea fails to allege that the defendant was discharged by the probate court from her position as executrix prior to the institution of this suit, and it appears that the defendant had been discharged since the institution of this suit and since the filing of other pleas herein, and said plea is not verified. Thereupon defendant filed plea No. 5, as follows: "Comes the defendant and says she ought not to be required to further defend this suit, for that she has been finally discharged from her position as executrix of the estate of Chavagnat by the probate court of Jefferson county; and she avers she has settled her account and delivered over the assets as required by law, which such discharge occurred since the institution of this suit; and this the defendant verifies." The plaintiff filed demurrers to this plea in all respects similar to those filed to the fourth plea, whereupon defendant filed the sixth plea, as follows: "Comes the defendant and for special plea says she ought not to be required to further defend this cause, for that heretofore, to-wit, on the 6th day of September, 1900, defendant was appointed as executrix of the estate of P. Chavagnat, and entered upon the discharge of her duties as such; that on July 13, 1901, the plaintiff filed his claim against said estate in the probate court of Jefferson county, but no order was made allowing the same; that thereafter defendant delivered and surrendered all assets in her hands as provided by law; that thereafter, on December 18, 1901, defendant filed her account for settlement of said administration, and thereupon the court made an order setting said cause for hearing on January 10, 1902, and requiring notice of such order to be posted for three weeks from December 18, 1901, as required by law; that on January 10th said hearing was continued until January 18, 1902, and, no objections being lodged against her discharge, on January 18, 1902, said probate court made

an order forever and finally discharging defendant from all other and further liability for or on account of her execution of said will; and this defendant verifies." The plaintiff filed demurrers to this plea.

The court overruled the demurrers to the fourth, fifth, and sixth pleas, whereupon the plaintiff by way of replication joined issue on the first, second, and third plea, and "for replication to pleas Nos. 4, 5, and 6 says that on the 6th day of September defendant was appointed executrix of the estate of Chavagnat, and she entered upon the discharge of her duties as such, and that said estate was indebted to certain parties, among others the plaintiff, in the sum of $230, which said claim against said estate was duly filed according to law in the probate court of Jefferson county, Ala.; that it was also presented to the executrix of said estate, and was on, to-wit, the 26th day of October, 1901, sued on in the city court of Birmingham, at which time the defendant was executrix of said estate and acting as such. The plaintiff further avers that all the assets of said defendant's testator which came to said defendant's hands were sufficient to pay off all of the indebtedness of said estate, including the aforesaid claim of plaintiff, and that it was the duty of said defendant as such executrix to settle said claim out of the assets of said testator. And plaintiff for further replication says that the said executrix, without declaring said estate insolvent and without paying the debt of plaintiff, procured an order of the probate court of Jefferson county on the 18th day of January, 1902, to forever and finally discharge defendant from all other and further liability for and on account of her execution of said will; that said order in no wise affected the rights of the plaintiff to have his claim paid out of the assets of said estate, and that said order was obtained voluntarily; and that there were assets in the hands of said executrix at that time more than sufficient for the payment of plaintiff's demand now declared on. And plaintiff claims of said defendant the said sum mentioned in plaintiff's complaint." The defendant filed demurrers to this replication, assigning various grounds, which demurrers were overruled by the court, whereupon

[Odom, as Ex., v. Moore.]

the trial was had upon issues joined on the pleas and replication, and verdict rendered for the plaintiff in the sum of $80. The other facts sufficiently appear in the opinion.

DENSON & ULLMAN, for appellant.—The proof shows an entirely different contract than that laid in the complaint and the proper form of action should have been a declaration setting up performance of service and the agreement to pay such sum as the plaintiff's services were reasonably worth.—2nd Chitty on Pleadings pp. 36-37. It follows that there can be no recovery in this action in the pleading.—*Davis v. Mason*, 3 Ore. 154; *Kerstetter v. Raymond*, 10 Ind. 199. There can be no recovery upon an account stated.—*Hooper v. Eiland*, 21 Ala. 714. The verdict in this case was a compromised verdict and will not be upheld.—*Adams v. Yazoo R. R. Co.*, 77 Miss. 194; *Clark v. Ford*, 62 Pac. Rep. 543.

W. F. DICKINSON, for appellee. No brief came to the Reporter.

WEAKLEY, C. J.—The court below overruled the plaintiff's demurrers to pleas 5 and 6, and thereupon the plaintiff filed a special replication to these pleas. The facts of the case, out of which arises the main question of law presented for decision, are fully presented by the pleas and replication, taken together. Those facts are that, after suit duly brought by the plaintiff against the defendant as executrix upon a claim which had been properly presented, the executrix, having received assets sufficient to pay off all the indebtedness of the estate, including that due the plaintiff, and without declaring the estate insolvent or paying the plaintiff's debt, filed her accounts for a settlement of the administration and procured an order from the probate court finally discharging her from further liability for or on account of her execution of the will; there being at the time she voluntarily obtained the order assets in her hands more than sufficient for the payment of plaintiff's demand. The plea alleges that the defendant had "delivered and sur-

rendered all assets in her hands as provided by law," which means, no doubt, that she had delivered the assets to the legatees, or to the probate judge for them. The pleas do not allege a resignation by the defendant, and are somewhat meager and obscure; but as the court overruled the demurrer to the pleas, no question as to their legal sufficiency arises on this appeal, taken by the defendant.

Treating them as sufficient, the question is whether the replication constituted an answer to them. Upon the principles declared and the reasoning employed in *Whitfield v. Woolf*, 51 Ala. 202, it must be held that the administratrix could not defeat the suit by ignoring the existence of the plaintiff's demand, making final settlement, surrendering the assets either to the legatees or the probate judge, and obtaining a discharge from the probate court. If such action upon the part of a personal representative, administering a solvent estate, could defeat pending suits, creditors would, indeed, be in a sorry plight. The discharge of the executrix by the probate court from further liability cannot affect the plaintiff. The liability to him could not have been enforced in the probate court, since his claim was not in litigation in that court, and could not have been drawn within its jurisdiction without a report of insolvency. The replication was a complete answer to the pleas, and was no departure from the cause of action set up in the complaint. The pleas were not in bar of the suit, but in bar of its further maintenance; and the facts alleged in the replication were designed to defeat the pleas and to justify the further maintenance of the suit and to justify the further maintenance of the suit for a recovery by the plaintiff upon the very cause of action in the complaint alleged. This was permissible and proper practice.—*Whitfield v. Woolf, supra; Draper v. Walker*, 98 Ala. 310, 314, 13 South. 595. The demurrer to the replication was properly overruled.

Upon the contention of appellant that there was a variance between the case alleged in the complaint and that made by the proof, it suffices to say that no charge was asked or objection made in the court below present-

[McCleskey & Whitman v. Howell Cotton Co.]

ing the question of variance; and hence we are not called upon to express an opinion in reference to this question. There was abundant evidence to support the verdict. Indeed, the jury, upon the evidence, might have allowed a larger sum than they did allow.. This court will not reverse the action of the lower court, refusing a new trial, in this state of the evidence.—*Terrell Coal Co. v. Lacey,* (Ala.) 31 South. 109.

No error appearing in the record, the judgment is affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.