# Peevey *v.* Tapley, *et al.*

## Assumpsit.

(Decided Nov. 22, 1906.  42 So. Rep. 561.)

1. *Bills and Notes; Action on; Evidence; Burden of Proof; Admissibility.*—Promissory notes are not admissible in evidence, where there are sworn pleas denying the execution of the notes and of plaintiff's ownership of the same, until plaintiff proves their execution, and his legal title thereto by endorsement at the commencement of the suit.

2. *Same.*—In an action declaring upon non negotiable notes and pleas denying plaintiff's ownership in the notes, in the absence of proof of plaintiff's ownership, the notes are not admissible in evidence.

[Peevey v. Tapley, et al.]

3. *Same; Evidence.*—Where notes are payable to a certain party and endorsed on the back thereof assigned to certain other party and by him to another party, proof of the execution of the several endorsements by the several parties is essential, before the notes and endorsements thereon are admissible in evidence, where there is a sworn plea denying the ownership of the notes; nor can the one bringing the suit testify baldly that he is the owner of the notes and thus render them admissible in evidence.

APPEAL from Tallapoosa Circuit Court.

Heard before HON. S. L. BREWER.

This is an action of assumpsit begun by Hinds Peevey against J. W. Tapley, and others to recover on certain promissory notes. The facts are sufficiently stated in the opinion of the court, as are the pleadings and the action of the court on evidence. There was judgment for plaintiff and defendant appeals.

THOMAS L. BULGER, for appellant.—The court erred in sustaining defendant's objection to the introduction in evidence of the notes sued upon, and in sustaining objection to the proof offered as to the execution rendered. Ownership of personal property is a fact to which a witness may testify.—*Steiner Bros. v. Teranum,* 98 Ala. 315; *Daffron v. Crump,* 69 Ala. 77; *Nelson v. Iverson,* 24 Ala. 9. The notes sued upon were not commercial instruments and plaintiff is not required to have a legal title. The suit must be prosecuted in the name of the party really interested.—Section 28, Code 1896; *Levystein v. Marks,* 56 Ala. 564.

JAMES W. STROTHER, for appellee.—The pliantiff having taken a voluntary nonsuit the rulings on the pleadings are not open for review as the statute has been uniformly construed as relating exclusively to such rulings of the court as can be properly introduced into the record only by the bill of exceptions.—*Richards v. Sweeney,* 109 Ala. 651; *Bank v. Baker Hill Iron Co.,* 108 Ala. 635. The courts of Alabama do not take judicial knowledge of the statutes of other states.—*Maccy v. Howard,* 91 Ala. 133; *Peet v. Hatcher,* 112 Ala. 514. Hence, in the ab-

sence of proof, of statutes authorizing the clerk of a county court in Tennessee to issue letters of administration in that state, the endorsement of Clark as administrator of Smith is not properly shown.

TYSON, C. J.—The complaint as originally framed counted for a recovery upon two promissory notes, containing waiver of exemptions as to personal property, which had been duly transferred to plaintiff by indorsement. After defendant's pleas of non est factum and want of consideration were filed, the complaint was amended by averring that the notes were negotiable and payable at a certain bank designated in them. To the complaint as thus amended a sworn plea was interposed denying plaintiff's ownership of the legal title to said notes. To this plea the plaintiff replied: (1) That he is not required to show that he holds the legal title to the notes; an (2) that the complaint shows that the suit is on a promissory note, and not a commercial paper, and therefore plaintiff is not required to show that he holds the legal title to the notes. We have stated the chronological order in which the pleadings appear in the record to have been filed, in order that the ruling of the court upon the several demurrers may be intelligently disposed of. In fact, this mere statement, coupled with a cursory reading of the pleadings to which demurrers were interposed and passed upon by the court, will suffice to show that the court's rulings were free from error.

The trial was had upon the amended complaint and the plea of non est factum and the one denying plaintiff's ownership of the notes sued on. Under these issues the burden was upon the plaintiff to establish the execution of the notes and that he had the legal title to them by indorsement at the commencement of the action; and, until he produced competent proof of both of these facts, the notes could not be legally admitted in evidence. The notes on their face were payable to the order of W. S. Smith & Co., negotiable and payable at Sturdivant's Bank, Dadeville, Ala. The written indorsement upon the back of each of them were as follows: "We hereby assign within note to E. L. Clark,

value received. 10-1, 1899. W. S. Smith & Co." "E. L. Clark, without recourse." "Pay to the order of Hinds Peevey. E. L. Clark, as Administrator of the Estate of J. A. Smith, deceased." No proper proof of the execution of these indorsements by the several parties was offered. It is true that plaintiff offered to testify baldly that he was the owner of the notes. But, clearly, this was incompetent, and was properly excluded. Proof of the genuineness of the several signatures of the indorsers through whom he claimed to have derived title, which was necessary, could not be made in this way.

After the court had sustained objections to all questions propounded by plaintiff for the purpose of showing his ownership of the notes, leaving no testimony before the court tending in any degree to establish the fact of ownership by plaintiff of them, either legal or equitable, he again amended his complaint so as to declare upon the notes as noncommercial paper. It also appears that when this was done the defendants filed additional pleas denying his ownership. At this stage, without again offering proof of plaintiff's beneficial ownership of them, the notes were again offered in evidence; but, on objection, their admission was disallowed. This ruling was clearly correct. Had proof of ownership been offered, we do not wish to be understood as holding that the notes should have been admitted in evidence, against an objection based upon the ground of variance between the allegata and probata.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.