THOMAS J. BOLES vs. EDGAR HARDING & another.

Suffolk.  November 9, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Bills and Notes.*

In an action on a check by a *bona fide* holder for value, where it appears that the check was delivered to an impostor who procured it from the defendant by fraud and caused it to be made payable to a fictitious payee in whose name the impostor made what purported to be an indorsement, and where the answer denies the genuineness of the indorsement, the plaintiff cannot recover under a declaration which declares on the check only as payable to order, as he cannot prove the genuineness of the indorsement put in issue by the answer.

Under R. L. c. 73, § 26, cl. 3, a note or check made payable to the order of a fictitious or non-existing person cannot be treated as payable to bearer unless the maker knew when he delivered the instrument that the name of the payee was fictitious.

CONTRACT on a check for $20 dated March 16, 1903. Writ in the Municipal Court of the city of Boston dated June 29, 1904.

The declaration was as follows:

"And now comes the plaintiff and says that on or about the 16th day of March, 1903, that Edgar Harding and William Whitman, doing business as Harding, Whitman and Co., drew a check upon the National Union Bank of Boston, payable to the order of New England Freight Directory for the sum of $20.

"And your plaintiff avers and says that the said New England Freight Directory indorsed the said check and delivered the same to your plaintiff and that your plaintiff paid therefor the sum of $20.

"And your plaintiff avers and says that the said check was presented at the National Union Bank within a reasonable time and in the usual course of business and that the said National Union Bank refused to pay said check and assigned as cause therefor that the said defendants had requested them, the said National Union Bank, not to pay said check when presented.

"Wherefore your plaintiff says that the said defendants owe them the sum of $20. with interest thereon from March 16, 1903.

"A copy of said check is annexed hereto and marked Exhibit A."

"Exhibit A.

"$20.00              Boston, March 16, 1903.

National Union Bank.

Pay to the order of New England Freight Directory

Twenty and              x/100 Dollars.

Harding, Whitman & Co.

No. 1801             By A. A. Hallett Jr.

Attorney."

Back of check indorsed as follows:

"New England          "Pay only through
    Freight Directory          Clearing House
    Agt. Thomas Chase        March 18, 1903

Natl. Bank of Redemption

Thomas J. Boles & Co.     Geo. S. McCausland Cashier

Endorsement guaranteed "

The answer was as follows:

"Now come the defendants in the above-entitled cause and answering deny each and every allegation, item, date and amount in the plaintiff's writ and declaration contained; and further answering say that if they drew a check payable to the order of New England Freight Directory as in plaintiff's declaration alleged, which they do not admit but deny, said alleged check was obtained fraudulently and without consideration, that they stopped payment on said check while it was still in the hands of the person or persons to whom it was by them delivered, and that if the plaintiff received said alleged check for value, he received it after payment had been stopped thereon as aforesaid, out of the usual course of business, and with knowledge of or reasonable cause to know of, the fraud by which said alleged check was obtained from the defendants and the lack of consideration therefor.

"And further answering the defendants deny the genuineness of any and all signatures and indorsements on the alleged check an alleged copy of which is annexed to the plaintiff's declaration and marked Exhibit A, and demand that said signatures and indorsements shall be proved at the trial."

On appeal to the Superior Court the case was tried before

*Raymond*, J., without a jury, and the evidence showed the facts which are stated briefly in the opinion.

At the close of the evidence the defendants asked the judge to make the following rulings:

" 1.  The evidence shows that the instrument sued on was obtained from the makers by fraud; that the makers thought that they were making a check payable to an actual existing payee; that as a matter of fact the instrument was not payable to bearer in terms or under R. L. c. 73, § 26, or to any payee, and was not, therefore, a complete negotiable instrument under which the plaintiff can recover against the defendant.

" 2.  The evidence shows that the instrument sued on was not payable to bearer or to the order of an actual existing person, and is not, therefore, a negotiable instrument upon which the makers can be held liable in this action.

" 3.  The plaintiff's declaration sets out that the New England Freight Directory indorsed the check and delivered the same to the plaintiff, and the plaintiff cannot, therefore, recover upon the instrument as payable to bearer.

" 4.  There is no evidence in the case under which the makers of the instrument sued on are estopped to deny liability upon the instrument, and no evidence that they were negligent in making or issuing the instrument so as to be liable thereon.

" 5.  The instrument is not payable to bearer under R. L. c. 73, § 26, and the plaintiff can recover only by proving a valid indorsement by the payee, if any, named in the check.

" 6.  Under the pleadings the burden is on the plaintiff to prove the genuineness of the indorsement of the payee, if any, named in the instrument sued on.  This burden has not been sustained, and the plaintiff cannot recover.

" 7.  On all the evidence, the plaintiff cannot recover."

The judge refused to rule as requested, and found for the plaintiff in the sum of $25.54.  The defendant Whitman alleged exceptions.

*F. C. Chamberlain*, for the defendant Whitman.

*P. H. Kelley*, for the plaintiff.

BRALEY, J.  It is sufficiently plain that the defendants issued and delivered the check to an impostor who falsely claimed to represent an association of " freight handlers " to which the de-

fendants wished to make a donation. But while not conceded, the undisputed evidence would support a finding that the plaintiff was a holder of the check for a valuable consideration, without notice or knowledge of any facts which would impair its validity. If this were the only defense, it would follow that upon proof of the defendants' signature he could recover, although between the original parties the check was procured through fraud and misrepresentation, as the defendants would be estopped from denying the existence of the payee or his capacity to indorse. *Pettee* v. *Prout*, 3 Gray, 502. *First National Bank of Rochester* v. *Harris*, 108 Mass. 514. *Robertson* v. *Coleman*, 141 Mass. 231. *White* v. *Dodge*, 187 Mass. 449. *Fillebrown* v. *Hayward*, 190 Mass. 472, 480, and cases cited. R. L. c. 73, §§ 18, 25, 69, 74; c. 173, § 86.

But, although there was evidence of the signature of the makers, the issuance of the check and the good faith of the plaintiff, the answer having aptly raised the issue, there could be no recovery without proof of the genuineness of the indorsement by the payee, for until this appeared the check would not have been negotiated, and the exceptions fail to disclose any testimony from which this essential fact could have been found. *Bryant* v. *Abington Savings Bank*, 196 Mass. 254. *True* v. *Dillon*, 138 Mass. 347. *Estabrook* v. *Boyle*, 1 Allen, 412. *Dana* v. *Underwood*, 19 Pick. 99. R. L. c. 173, § 86.

The plaintiff, however, relies upon the well settled rule that where an instrument containing all the other elements of negotiability is knowingly made payable to the order of a fictitious or non-existing person, the instrument becomes negotiable without indorsement, and is to be treated as if in terms made payable to bearer. *Dana* v. *Underwood*, 19 Pick. 99. *Bryant* v. *Eastman*, 7 Cush. 111. *Shaw* v. *Smith*, 150 Mass. 166, 167, and cases cited. *Gibson* v. *Minet*, 1 H. Bl. 569. *Gibson* v. *Hunter*, 2 H. Bl. 187, 288. *Bennett* v. *Farnell*, 1 Camp. 130, 133, n., 180.

In England since the bills of exchange act of 1882, 45 & 46 Vict. c. 61, § 7, cl. 3, proof of knowledge by the maker who issues the instrument that the payee is fictitious or non-existent is not required. A lawful holder may treat the instrument as payable to bearer, whenever it appears that the name of the payee is inserted merely as a pretense, without any intention

that payment should be made in conformity with the promise, whether the name be that of an existing or a non-existing person. *Bank of England* v. *Vagliano Brothers,* [1891] A. C. 107, 153. *Clutton* v. *Attenborough,* [1897] A. C. 90. But under our negotiable instruments act, formerly St. 1898, c. 533, § 9, now R. L. c. 73, § 26, as well as at common law, while the same rule as to what constitutes a fictitious payee obtains, the bearer as such cannot recover unless it is shown that the maker knew of the fiction. *Gibson* v. *Hunter,* 2 H. Bl. 187, 288. *Phillips* v. *Mercantile National Bank,* 140 N. Y. 556. *Shipman* v. *Bank State of New York,* 126 N. Y. 318. *Armstrong* v. *Pomeroy National Bank,* 46 Ohio St. 512. If the element of knowledge is wanting there is no estoppel, although the fact that the payee is fictitious may have been fully established. The issue is one of fact, upon proof of which, by force of the statute the instrument becomes payable to bearer.

But, the plaintiff having declared only upon the check as payable to order, it becomes unnecessary to decide whether there was evidence which warranted a finding in his favor, as this issue was not open. The third, fifth and seventh requests, that upon the evidence the plaintiff could not recover, should therefore have been given.

*Exceptions sustained.*