# McWhorter *et al. v.* Haigler Mercantile Co.

## *New Trial.*

(Decided April 9, 1912.　Rehearing denied May 4. 1912.
58 South. 790.)

1. *Appeal and Error; Presentation Below; Variance.*—When not called to the attention of the trial court, an objection that the complaint set up joint causes of action against the defendant, while the evidence showed a several cause of action against one defendant, was not available on appeal.

2. *New Trial; Grounds.*—Where it did not appear that the defendants were uninformed before the trial of the testimony of the proposed witness, or that they had endeavored to procure his attendance, a new trial on the grounds of newly discovered evidence was properly refused.

3. *Same.*—Mere conjecture or surmise that the jury saw a ledger memorandum not in evidence, and were thereby led to consider an account not offered in evidence was not sufficient to authorize a new trial.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by the Haigler Mercantile Company against R. S. McWhorter and another. Judgment for plaintiff, and from an order overruling motion for a new trial, defendants appeal. Affirmed.

POWELL & HAMILTON, for appellant. There was a variance between the complaint and the proof, and it was

not upon the defendant to raise this in the lower court. —*Jones v. Egelhart,* 78 Ala. 505; *Lee v. Wimberly,* 102 Ala. 539; *Cobbs v. Keith,* 110 Ala. 614; *Redmond v. L. & N.,* 154 Ala. 311. Counsel insist that a new trial should have been granted on account of newly discovered evidence, and from the further fact that illegal evidence was seen by the jury.

R. L. GOLDSMITH, for appellee. No brief reached the Reporter.

WALKER, P. J.—The appeal is from an order or judgment of the court overruling the motion of the defendants for a new trial. It is urged in argument that the motion should have been granted because of a variance between the allegations of the complaint and the evidence offered in support of them, in that the complaint counted on joint causes of action against the defendants, while the evidence offered in support of it was as to a several cause of action against one of them alone. The court was forbidden by statute (Code, § 5362) to charge upon the effect of the testimony, unless required to do so by one of the parties. The defendants did not request such charge, but permitted the evidence to go to the jury without objection. In no way was the question of a variance called to the attention of the trial court. It was not even raised in the motion for a new trial, conceding that it would have been in time if then first suggested. In now urging that a new trial should have been granted because of the alleged variance, the appellants are suggesting a ground for setting aside the result of the trial which might not have existed but for their own failure to avail themselves of the opportunity to present the question before the case went to the jury. A party is not entitled to another trial to enable him to

present a question which he had full opportunity to present in the trial already had, especially when no excuse is shown for his failure to raise the question at the proper time. Such an objection is not available on appeal when it was not in some appropriate way plainly brought to the attention of the trial court. If it had been made at the proper time, it might have been obviated by an amendment of the complaint.—*Odom, as Ex., v. Moore*, 147 Ala. 567, 41 South. 162; *Flint v. Clark*, 13 Conn. 361; 29 Cyc. 793; 22 Ency. of Pleading & Practice, 629, 639.

The ground of the motion suggesting newly discovered evidence was not sustained. The showing made was as to what one Troy would depose to in reference to a transaction to which one of the defendants was a party, and which, in part at least, was in his presence. It is not made to appear that before the trial the defendants were uninformed as to what testimony might be expected from the proposed witness, or that they made any effort to procure his attendance.—*McLeod v. Shelly Manufacturing & Imp. Co.*, 108 Ala. 81, 19 South. 326.

The remaining ground of the motion was "because the jury considered evidence that was not offered in the trial of the case." In the trial the defendants offered in evidence an account against the plaintiff as entered on page 278 of a ledger. The plaintiff offered evidence tending to show that the articles charged on that account were bought, not by the plaintiff, but by one W. T. Brightman. For the purpose of supporting an inference that the jury considered evidence that was not offered in the trial, the defendants offered in evidence this pencil mmorandum, "W. T. B. a/c 178," found immediately below the account on page 278 of the ledger, an account against W. T. Brightman on page 178 of the

same ledger, and an affidavit of one of the defendants, sworn to on March 1, 1911, in which it was stated that the above-mentioned memorandum was not on page 278 of the ledger when the account entered on that page was offered in evidence, and "that said memorandum was not made by either of the defendants or by their direction, but that he found it on the book after the jury returned their verdict." On this showing the court was asked to conclude that the jury improperly considered the W. T. Brightman account, found on page 178 of the ledger, in making their verdict, though that account had not been offered in evidence. The court might well have failed to reach this conclusion from the evidence offered. The verdict was rendered on February 23d. The evidence did not show by whom the memorandum in question was made, or that it was made before the book went into the hands of the jury, or that it had been made when the verdict was rendered. Nor was it shown how long before March 1st the discovery was made, or in whose custody the book had been since it left the hands of the jury. In this condition of the evidence, and in view of the fact that there was evidence in the case to support a finding that the account entered on the book against the plaintiff was not owing by it, it cannot be said that it was satisfactorily proved that the jury considered evidence that was not offered in the trial. Mere conjecture or surmise would have to be resorted to in reaching the conclusion that the jury ever saw the memorandum and that if they did see it they were led thereby to find and consider another account which had not been offered in evidence.

It has not been made to appear that the court was in error in overruling the motion for a new trial.

Affirmed.

In Response to Application for Rehearing.

In the brief submitted in support of the appellants' application for a rehearing in this case, the attention of the court is called to the decision in the case of *Wilkinson et al. v. King,* 81 Ala. 157, 8 South. 189, and the claim is made that it was decided in that case that a question of variance between the pleadings and the evidence may be raised on appeal, though no such question was in any way raised in the trial court. This claim cannot be sustained. In that case the plaintiff's request of the written charge which was given raised the question of his right to recover if the jury believed from the evidence that the fact hypothesized in that charge was established. The giving of that charge was held to have been error because the evidence as to the fact hypothesized in the charge did not correspond with the averments of the complaint as to such fact. The court referred to the question of variance on which the decision of the case by the reviewing court turned, as one "which appears to have escaped observation in the court below;" but by no means did it intimate that that question had not properly been raised in the trial court. The report of the case shows distinctly that it was raised by a request for a charge, which on the appeal was held, because of such variance, to have been improperly given.

What was said in the foregoing opinion in reference to a question of variance between the averments and the proof being one which should be raised in the trial court, and not on appeal for the first time, was not the statement of a proposition which is novel in this state. Certainly it is no more incumbent upon a plaintiff in a civil suit to support the averments of his complaint by evidence corresponding with, not variant from, them,

than it is upon the state, in a criminal proceeding against a citizen, to prove the venue of the offense charged. Yet several times it has been decided that a failure to offer any proof as to the place of the commission of the offense charged cannot be availed of on appeal, if no question as to such failure of proof in a material respect was in any appropriate way raised in the trial court.—*Hubbard v. State,* 72 Ala. 164; *Johnson v. State,* 100 Ala. 55, 14 South. 627; *Randolph v. State,* 100 Ala. 139, 14 South. 792; *Dentler v. State,* 112 Ala. 70, 20 South. 592; *Smith v. State,* 118 Ala. 117, 24 South. 55; *Clarke v. State,* 78 Ala. 474, 56 Am. Rep. 45. In disposing of this question BRICKELL, C. J., delivering the opinion of the court in the case of *Hubbard v. State, supra,* said: "In *Williams v. State,* 54 Ala. 131 (25 Am. Rep. 665), and *Sampson v. State,* 54 Ala. 241, we said that whether the evidence was in any respect sufficient for conviction could be presented only by an exception to the rulings of the court on the evidence. With the mere question of the sufficiency of the evidence to support a verdict, this court cannot interfere, unless it was decided by the court below, and the decision made the subject of exception at the appropriate time. * * * It does not lie within our province to grant new trials, in cases civil or criminal, because the verdict and judgment may not appear affirmatively to be supported by the evidence."

There is nothing in the record in this case to show that while it was pending in the trial court the question of variance now urged as a ground of reversal escaped the observation of the appellants or their counsel. For anything that is made to appear by the record, the defendant who was shown by evidence to be liable to the plaintiff on a several obligation may have been aware that evidence to that effect did not correspond with and

support the averments of the complaint as to the exist-
ence of a joint obligation of the two defendants to the
plaintiff, and may have elected to reserve the benefit of
that discovery, so that it might be availed of for the first
time only in the event of a verdict being rendered for
the plaintiff on the pleadings and evidence as they
stood.   It is proper to state that the record does not
show that the appellants, or either of them, or their
counsel, so speculated upon the result of the trial.   But
a rule the very existence of which would offer a tempta-
tion for such trifling with a judicial proceeding which
is provided for the purpose of giving both parties to it
an opportunity of presenting in the trial, not after-
wards, all questions affecting the proper determination
of the controversy between them, is not one which is en-
titled to be recognized.

Application for rehearing overruled.