## Nokomis National Bank, Appellee, v. John F. Hendricks, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Nokomis National Bank, plaintiff, against John F. Hendricks, defendant, to recover on a promissory note for $50 purporting to have been given by defendant. From a judgment for plaintiff for $55.67, defendant appeals.

J. D. WILSON and LANE, DRYER & BROWN, for appellants.

MILLER & McDAVID and W. G. WEBSTER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 410*—*when assignee must prove proper assignment of note*. In an action to recover on a promissory note, where the defendant filed an affidavit denying assignment of the note to the plaintiff, *held* that such affidavit made it necessary for plaintiff to prove that the note was duly and properly assigned by the payee.

2. BILLS AND NOTES—*when authority of officer of corporation payee of note to make assignment must be proved by assignee.* Where the payee of a note was a corporation, an affidavit filed in defense to an action to recover on the note denying assignment of it, *held* to destroy every presumption of authority in the officer or

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

agent purporting to make the same, and puts the burden of proving not only the assignment but the authority of the person making it to do so upon the party asserting its validity.

3. BILLS AND NOTES—*when authority of agent to make assignment of note must be proved.* After assignment of a note is denied by an affidavit, the doctrine of apparent authority of an agent to make it no longer applies, and such authority is a matter of proof.

4. BILLS AND NOTES, § 406*—*what party suing on assigned note required to prove at common law.* At common law a party suing on an assigned note, if the general issue was filed, was required to prove by a preponderance of the evidence the validity of both the execution and the assignment of it.

5. BILLS AND NOTES, § 350*—*when affidavit denying validity of execution or assignment of note is necessary.* Since the enactment in its present form of section 52 of the Practice Act (J. & A. ¶ 8589), relating to denial of the execution or assignment of an instrument, a defendant in an action on a promissory note is not permitted to deny on the trial the validity of either the execution or assignment of the note unless he files an affidavit or a verified plea denying the validity of such execution or assignment.

6. BILLS AND NOTES, § 406*—*what proof necessary where affidavit or verified plea denying execution or assignment of note filed.* In an action on a promissory note where an affidavit or verified plea is filed denying the execution or the assignment of the note, the same proof of execution or of assignment must be made as in a contested case at the common law.

7. BILLS AND NOTES, § 406*—*what is proper practice where no affidavit or verified plea is filed denying execution or assignment of note.* In an action on a promissory note where no affidavit or verified plea is filed denying the execution or the assignment of the note, the same practice prevails as at common law when no defense was made to such an action, except as such rule is varied by section 59 of the Negotiable Instruments Act (J. & A. ¶ 7698), providing that the holder of a negotiable instrument is deemed prima facie a holder in due course and that when the title of one who negotiated the instrument is shown to be defective the burden is on the holder to prove that he or some person under whom he claims acquired title in due course.

8. BILLS AND NOTES, § 410*—*when rule that burden is upon holder to show acquirement of title in due course is inapplicable.* Where the title of any one who negotiated a negotiable instrument is shown to be defective, the rule that the burden is upon the holder to prove that he or some person under whom he claims acquired title in due

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

course does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.

9. BILLS AND NOTES, § 406*—*what is rule as to burden of proof where holder makes proof of assignment.* When the course established in section 52 of the Practice Act (J. & A. ¶ 8589), providing how a party must proceed to require the holder of a note to make proof of its due and proper assignment, is pursued, the trial proceeds the same and the order and burden of proof are the same as when those same facts were contested at the common law.

10. BILLS AND NOTES—*what does not constitute indorsement.* An indorsement by the "Central Route and Rating Agency" on a note made payable to the "Central Rate and Routing Agency," held not to be an indorsement by the payee of the note in the absence of proof that the two agencies were the same legal entity.

11. BILLS AND NOTES, § 446*—*what proof necessary to make assigned note evidence of debt to assignee.* In an action on an assigned note, where the validity of the assignment was denied by affidavit, and the indorsement purported to be signed by an agent, such note held to be, without proof of the agency of the party so signing the indorsement, no evidence of a debt of the defendant to the plaintiff and inadmissible.

12. BILLS AND NOTES, § 319*—*when holder of note may sue thereon in his own name.* Under section 51 of the Negotiable Instruments Act (J. & A. ¶ 7690), providing that the holder of a negotiable instrument may sue thereon in his own name, any holder in whose hands any instrument in writing may be found may not sue thereon regardless of whether such instrument is negotiable on delivery or not.

13. BILLS AND NOTES, § 319*—*what was purpose of statute allowing holder of negotiable instrument to sue thereon in his own name.* The manifest intention of section 51 of the Negotiable Instruments Act (J. & A. ¶ 7690), providing that the holder of a negotiable instrument may sue thereon in his own name, was to have it apply to the holder in due course of instruments that because of the way they were originally written, or because of a proper indorsement thereon, were negotiable on delivery.

14. BILLS AND NOTES, § 412*—*when assignee of note required to prove good faith of assignment.* The filing of an affidavit or verified plea denying the validity of an assignment of negotiable paper sued on challenges, among other things, the right of the holder of it to sue it in his own name, and puts him to proof of the *bona fides* of the assignment through which he claims the right to sue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.