(84 South. 419)

SLOSS–SHEFFIELD STEEL & IRON CO. v. DEAN.  (6 Div. 572.)

(Court of Appeals of Alabama.  Nov. 25, 1919.)

1. COURTS ☜91(1) — COURT OF APPEALS IS BOUND BY DECISIONS OF SUPREME COURT.

The Court of Appeals is bound by the latest utterances of the Supreme Court.

2. APPEAL AND ERROR ☜197(3)—FAILURE TO OBJECT TO VARIANCE AS TO IDENTITY OF PLAINTIFF'S EMPLOYER PRECLUDES CONSIDERATION OF OBJECTIONS.

In an employé's action, under the Employers' Liability Act, for injuries brought against two defendants jointly, one of whom was alleged to be an independent contractor, defendant's failure on the trial to object to a variance in the testimony, tending to show that only one of the defendants was plaintiff's employer, precluded defendant from taking advantage of such objections subsequently.

3. MASTER AND SERVANT ☜268 — EVIDENCE AS TO RELATIONS WITH CODEFENDANT HELD INADMISSIBLE.

In an employé's action for injuries, where the question as to which of two defendants was plaintiff's employer was at issue, the question as to the actions of defendant company several years before the contract, relied on to show the relations of defendants, was executed, held improper.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Charlie Dean against the Sloss-Sheffield Steel & Iron Company and Alex Brewis jointly for personal injuries.  Judgment for plaintiff, and defendant appeals.  Affirmed.

The action is under the first subdivision of the Employer's Liability Act (Code 1907, §§ 3910–3913), for injury to plaintiff's hand, who was working as a driver of tramcar trips, where his hand became mashed while coupling the cars.  There was dispute in the evidence as to whether the hurt was caused by the absence of bumpers on the cars, or whether he caught hold of the tail chain, and when the mules started the chain was pulled through and mashed his hand.  It seems not to be disputed that the plaintiff knew of the defect complained of.  Both plaintiff and defendant claimed that Alex Brewis was operating the mine as an independent contractor. The court instructed the jury that they could not find against both defendants, and the jury found for Brewis and against the Sloss-Sheffield people.

John H. Bankhead, Jr., of Jasper, for appellant.

Brewis was an independent contractor, and not a servant.  97 Ala. 181, 12 South. 103. Exoneration of the agent must result in exoneration of the principal, when the liability of the principal rests upon the doctrine of respondeat superior.  80 South. 84; 13 Okl. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 1023; 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187.  Under the evidence in this case, both the defendants, and each of them, was entitled to the general affirmative charge.  138 Ala. 548, 36 South. 459; 177 Ala. 636, 59 South. 286; ante, p. 22, 81 South. 358.

J. M. Pennington and W. C. Davis, both of Jasper, for appellee.

This case is ruled by Amerson v. Corona Coal & Coke Co., 194 Ala. 175, 69 South. 601.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Any variance between the allegation of the plea which may be cured by amendment, will not work a reversal, unless brought to the attention of the trial court, and there insisted upon. 192 Ala. 538, 68 South. 473; 196 Ala. 670, 72 South. 305; 147 Ala. 572, 41 South. 162; 4 Ala. App. 296, 58 South. 790; Acts 1915, p. 605.

MERRITT, J. The facts in this case relative to the operation of the mine in question are very similar to the statement of facts as set out in the opinion of Mr. Justice Thomas in the case of Amerson v. Corona Coal & Coke Co., 194 Ala. 175, 69 South. 601, in which the Supreme Court held that the question as to whether the contract of lease was a subterfuge was properly submitted to the jury. Upon similar statements of fact, the decision in the Amerson Case has been followed in Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala. App. 139, 68 South. 571, and the last case being the case of Coal City Mining Corporation v. Davis, 81 South. 358,[1] this opinion of the court being rendered by Judge Samford.

[1] This court is bound by the latest utterances of the Supreme Court, and a very careful examination of the facts in the instant case convinces us that it was a question for the jury to determine who was the employer of the plaintiff at the time of the injury.

[2] The appellant insists, however, that the appellee having elected to bring his suit against two defendants, alleging a joint employment, and without amendment the case was submitted to the jury and as submitted one of the chief issues was which of the two was the employer, with the distinct instruction by the court, that under the testimony they both could not be his employer, that under the law in this state the plaintiff could only recover upon proof that he was the employé of both of the defendants. It is true that "this action, though ex delicto, is for an alleged tort growing out of a contract, viz., the contract by which alone was created the relation which gives rise to the duty alleged to have been violated, and in such case proof of a contract different from that alleged constitutes a fatal variance"; but there is another proposition equally as sound and of as long standing, and that is that it was incumbent upon the defendant in the trial court to call attention by specific instructions, to this variance before advantage can be taken of it. It appears that no objections were interposed to the introduction of testimony of this character in the court below, that the attention of the trial court was not called to this variance in appellant's motion for a new trial, and that in no way was it plainly pointed out at any time in the trial of this case in the court below that there was a variance,

and, such being the case, to give the appellee the right to amend as is provided for by statute. But the appellant insists that it was not necessary to so do, for the trial judge "distinctly took that position, and so charged the jury, that recovery could be had against only one of the defendants, under the testimony in the case." While this appears to be true, we cannot yet say, under the facts in this case, the defendant met the requirements of rule 34, circuit court practice, and, while we do not decide, may it not be a requirement under this rule that before the trial court shall be put in error, first, as regards the introduction of evidence that "there was a special objection making the point as to the variance," and, second, upon a refusal of the general charge "unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence." We do not think that the fact that the trial judge charged the jury in his oral charge, "You will not be authorized to return a verdict against both of these defendants," was a waiver of the requirements of rule 34, circuit court practice, nor did it do away with the requirements thereof. Carter et al. v. Shugarman, 73 South. 119.[2] This court has said in the case of McWhorter v. Hagler Mercantile Co., 4 Ala. App. 296, 58 South. 790, through Judge Walker:

"In no way was the question of a variance called to the attention of the trial court. It was not even raised in the motion for a new trial, conceding that it would have been in time if then first suggested. In now urging that a new trial should have been granted because of the alleged variance, the appellants are suggesting a ground for setting aside the result of the trial which might not have existed but for their own failure to avail themselves of the opportunity to present the question before the case went to the jury. A party is not entitled to another trial to enable him to present a question which he had full opportunity to present in the trial already had, especially when no excuse is shown for his failure to raise the question at the proper time. Such an objection is not available on appeal when it is not in some appropriate way plainly brought to the attention of the trial court. If it had been made at the proper time, it might have been obviated by an amendment of the complaint." Odom as Ex. v. Moore, 147 Ala. 567, 41 South. 162; Ency. of Pleading and Practice, 629, 639.

[3] There was no error in refusing to allow the witness McClellan to answer the question propounded to him by appellant, "The company quit running it then?" A reading of the testimony discloses that this question called for a fact that happened seven years previous, before the contract relied on was executed by the Sloss-Sheffield Steel & Iron

---

[1] Ante, p. 22.     [2] 197 Ala. 577.

Company and Brewis, and under any theory of the case was inadmissible.

It follows from what has been said that the case must be affirmed.

Affirmed.