**RODGERS v. WALKER, Superintendent of Banks. (5 Div. 334.)**

(Court of Appeals of Alabama. April 5, 1921.)

**1. Appeal and error ⟨⇒⟩187(1)—Objection to failure of complaint to specify that action was brought in representative capacity must be made below.**

Under circuit court rules Nos. 34 and 35 (175 Ala. xxi), the refusal, in an action on a note by the superintendent of banks liquidating bank holding such note, to direct a verdict for the defendant was not available on appeal, though the action was in the name of the superintendent individually and not in his representative capacity, where no objection to the failure of complaint to specify that action was brought by superintendent of banks in his representative capacity was made during the trial

---

⟨⇒⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or in motion for new trial; since if the question had been raised at the proper time the objection might have been obviated by an amendment to the complaint.

**2. Bills and notes ⬲485—Plaintiff has burden of proving ownership denied by sworn plea.**

In an action on a note in which the defendant by a sworn plea denied plaintiff's ownership of the note, the plaintiff had the burden of proving his ownership of note.

**3. Bills and notes ⬲537(5) — Ownership of note held question for jury.**

In an action on a note, the question of plaintiff's ownership of note *held* for the jury.

**4. Bills and notes ⬲527(1)—Payment held proved.**

In action on a note, plea of payment *held* proven.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Suit by A. E. Walker, as Superintendent of Banks, for whom D. F. Green, as Superintendent of Banks, was substituted, against J. R. Rodgers. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. W. Strother, of Dadeville, for appellant.

The suit was by the individual, and not in his representative capacity, and the defendant was entitled to a directed verdict. 137 Ala. 492, 34 South. 562; 98 Ala. 451, 13 South. 527; 94 Ala. 616, 10 South. 603; 106 Ala. 458, 17 South. 629. The plea cast on the plaintiff the burden of proving that he was the owner of the note. 148 Ala. 320, 42 South. 561; 127 Ala. 501, 29 South. 26; 128 Ala. 510, 29 South. 549.

Sorrell & Bentley, of Goodwater, for appellee.

No brief reached the Reporter.

MERRITT, J. The appellee brought suit on a promissory waiver note, alleged to have been executed by one Rodgers to R. H. Crew, and that the note was the property of the appellee. The suit as originally filed was one by A. E. Walker, superintendent of banks, liquidating the Farmers' & Merchants' Bank, Goodwater, Ala., as plaintiff, but an amendment was allowed without objection, striking A. E. Walker and substituting in lieu thereof the name of D. F. Green.

The defendant filed a plea of payment and one denying the plaintiff's ownership of the note, the foundation of the suit. There was a verdict and judgment for the plaintiff. The general affirmative charge as requested in writing was denied to the defendant, and this, among other things, is counted on as reversible error on the part of the trial court. The insistence is made that the suit was one on the part of D. F. Green individually and not in his representative capacity. Under the opinion in this state this contention appears to be correct. Bryant v. So. Ry. Co., 137 Ala. 492, 34 South. 562; Blackman v. Moore-Handley Hdw. Co., 106 Ala. 458, 17 South. 629; Lowery v. Daniel, 98 Ala. 451, 13 South. 527; Jenkins v. Bramlett, 131 Ala. 597, 32 South. 575; Ala. City, Ga. & Ala. Ry. v. Heald, 178 Ala. 636, 59 South. 461; Ferrell v. Ross, 200 Ala. 90, 75 South. 466.

[1] But a reading of the record shows that the contention in this case is unavailing to the appellant here. Under the practice which for a long time prevailed in this state, in case of a failure of necessary proof or a material variance, it was not considered necessary for the complaining party to call the court's attention to the omission or variance otherwise than by a request for the affirmative charge. Adler v. Martin, 179 Ala. 97, 59 South. 597. This practice has been changed by rules providing that the trial court will not be put in error for refusing the general affirmative charge, where predicated upon a variance curable by an amendment of the pleading or upon a failure of proof "not involving a substantive right of recovery or defense," unless the point of variance or failure has been called seasonably and specifically to the attention of the court. Ferrell v. Ross, supra; rules 34 and 35, adopted June 23, 1913 (175 Ala. xxi). In the present case this appears in no way to have been done. No objection was made to the amendment substituting Green, no objection to any part of the testimony raised this question, and it appears nowhere to have been called to the attention of the court. It was not even raised in the motion for a new trial. If the question had been raised at the proper time, it might have been obviated by an amendment of the complaint. McWhorter v. Haigler Mercantile Co., 4 Ala. App. 296, 58 South. 790; Sloss Sheffield Steel & Iron Co. v. Dean, 17 Ala. App. 253, 84 South. 419.

[2] The sworn plea of the defendant denying plaintiff's ownership of the note sued on cast on the plaintiff the onus of proving his ownership of the note. Peevey v. Tapley, 148 Ala. 320, 42 South. 561; Mobile County v. Sands, 127 Ala. 501, 29 South. 26.

[3] To meet this burden the testimony of the plaintiff tended to show that on a particular day this note passed through the customary channels of the bank as an asset of the bank, in that all of the bank books showed that it had taken the usual course of paper that was discounted. These book entries were testified to by the party who kept the books as being correct and that at the end of the day with such entries the books balanced, which indicated (to him) that such a transaction, or one for a like amount, must have taken place in order that the

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

books should thus balance. The bookkeeper however, was unable to tell how this particular note came into the possession of the bank; he having found it on the file in the morning, where discount papers were placed. Neither did the president of the bank, or any one else, explain how the note was acquired by the bank, save that it was a custom of Mr. Crew, the original payee, to leave his notes there as collateral in case he should overdraw his account. Crew testified that at the time of the trial he was the owner of the note. It may be that, from all the evidence in the case as shown by the record, the possession by plaintiff of the note, and other facts and tendencies of the evidence, without anything else in the case, this aspect of the case as to the ownership of the note was properly submitted to the jury, but the strongest aspect of the case and the decisive one, we think, was on the plea of payment. Conceding, then, as indicated above, that the testimony was sufficient to carry the question of the ownership of the note in the beginning to the jury, it appears clear to us from the testimony as disclosed by the record that the defendant established his plea of payment, and on this account was entitled to the affirmative charge as requested.

The witness Crew testified that at different times he borrowed money from the plaintiff's bank, and that as collateral security he had deposited the Rodgers note and other notes, and that at the time of the trial he had paid all of his indebtedness to the bank and owed them nothing. His testimony is to the effect that the Rodgers note was placed as collateral security for a note given by him to the bank for $1,358.51, and that this particular note had been paid. The testimony of the witness Carmichael tended to corroborate Crew's testimony to the extent that this was the entire amount of his (Crew's) indebtedness to the bank. The conversation narrated as taking place between Carmichael and Epps tended also to show this, and that the Rodgers note was held as collateral for the $1,358.51 note.

There was no denial of the testimony of Crew that he had paid the note which was secured by the Rodgers note, and the correctness of this contention on the part of Crew is borne out further by the record of the proceeding to judgment, offered in support of the motion for a new trial in this case, which was a proceeding in the circuit court of Coosa county, wherein A. E. Walker, superintendent, liquidating the Farmers' & Merchants' Bank, Goodwater, Ala., was plaintiff, and R. H. Crew was the defendant; the complaint counting on a note executed by Joe McGee and Addue McGee to the said Crew, said note alleged to be the property of the Farmers' & Merchants' Bank, and by amendment count 2 of the complaint claimed a balance due on a note executed by Crew to the bank for $1,358.51, on June 18, 1917. Plea 6, filed as an answer to the complaint as amended, was as follows:

"For further plea and answer to the complaint as amended, the defendant says that the only indebtedness, due from him to the Farmers' & Merchants' Bank of Goodwater, Ala., is a balance due on one note made by him to said bank on the 18th day of June, 1917, for $1,358.51, that he had paid all of said note except $720.60 before this action was commenced, and that before this suit was commenced he tendered to the plaintiff said sum and he now brings the said sum into court."

The verdict in this case was "We the jury find for the plaintiff and assess the damages at $725, and we further find for the defendant on his plea of tender."

[4] So from all the evidence we are constrained to hold, that the defendant's plea of payment was proven and that he was entitled to the affirmative charge.

Reversed and remanded.