## SOUTHERN ART CORPORATION v. WILLIAM N. COULSON.

Western Section. December 6, 1929.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

R. I. Moore, of Memphis. for appellee.
Lowell W. Taylor, of Memphis, for appellant.

OWEN, J. The complainant, a corporation, filed its bill in the Chancery Court of Shelby County, February 6, 1923, seeking to recover on. certain notes that the defendant had executed to the complainant representing purchase price of stock. The defendant filed an answer on the 31st of July, 1924, denying his liability.

It appears that the complainant was adjudged a bankrupt, thereupon, on September 17, 1927, C. H. Elliott, Trustee in Bankruptcy, amended complainant's supplemental bill in which it was alleged that the complainant was a bankrupt and that C. H. Elliott of Shelby County, Tennessee, had been made Trustee in Bankruptcy. It was alleged that the notes sued on in the original bill had been assigned to R. I. Moore, Trustee for the benefit of L. E. Brown, Mark H. Brown, H. W. Baker, Jr., W. C. Bonner, C. C. Read, J. H. Ledyard and H. J. M. Jorgensen. It was alleged that C. H. Elliott, Trustee, had been ordered by the United States District Court at Memphis to prosecute the suit of Southern Art Corporation v. William N. Coulson for the use and benefit of R. I. Moore, Trustee for the above-named seven men. It was alleged that as the Trustee in Bankruptcy had no interest in the said cause, that he incur no expense in the prosecution of the same.

The prayer of the bill was for a judgment in favor of C. H. Elliott, Trustee in Bankruptcy, for the use and benefit of R. I. Moore, Trustee for the above-named seven. The amount of the notes was $6665.21.

The defendant filed an answer to this supplemental bill on the 19th of September, 1927, denying all the material allegations in said bill. On September 23, 1927, a final decree was entered against the defendant in favor of C. H. Elliott, Trustee for the use and benefit of R. I. Moore, Trustee. It appears from the decree that there was a recovery of $9199.78 and $500 as attorney's fees. On the 22nd of July, 1929, the transcript of the record in this cause, with a petition for writ of error, was presented to one of the judges

of this court, which writ was granted and the record was filed for error on June 25, 1929.

It is insisted that the final decree is erroneous because there was no proof submitted to the court and the proof failed to show that the notes and stock subscriptions sued on were assigned to R. I. Moore, Trustee,. who was alleged to be the real party in interest.

We find on page 27 of the transcript, three notes executed by the defendant on April 1, 1922, all payable to the Southern Art Corporation, the original complainant. Two of these notes are for $2500 each and one is for $1665.21, said notes provided for seven per cent interest from date. They also provide for attorney's fees incurred in the collection. These notes were made exhibits to the deposition of J. B. Moody and they all had been transferred in blank by the Southern Art Corporation. The witness, Moody, testified that the defendant executed the notes sued on payable to the original complainant, Southern Art Corporation. There is no proof in the record establishing the fact that these notes assigned to R. I. Moore, Trustee for the benefit of any person or persons.

Our Supreme Court has expressly held that in a suit against the maker, the endorsement or assignment of the instrument to the holder is not the foundation of the action and it may be put in issue by written plea without oath. Richardson Price v. Cato, 9 Humph., 464; Stone v. Bond, 2 Heisk., 425.

And it has been universally held that if the ownership of the note is in issue the plaintiff must prove that he is the lawful holder by assignment or endorsement. 8 C. J., p. 1010, Art. 1316, Note 57; Capitol Hill St. Bk. v. Rawlins St. Bk., 11 A. L. R., 937.

The general rule is that if the ownership of negotiable paper is in issue the plaintiff must show that he is the payee, or the lawful holder by assignment or endorsement. 8 C. J., p. 1010, Art. 1316, Note 57; Capitol Hill St. Bank v. Rawlins State Bank, 11 A. L. R. 937; Slaughter v. First Natl. Bk. of Montgomery, 109 Ala. 157, 19 So. 430; Peebley v. Tapley, 148 Ala. 320, 42 So. 561; Nackagawa v. Okamaot, 164 Cal. 718, 130 Pac. 707; Marks v. Munson, 149 Pac. 440, Am. Cases 1917, A-766; Nokomis Nat. Bank v. Hendrix, 205 Ill. App. 54; Boles v. Harding, 201 Mass. 103, 87 N. E. 481.

In a suit against the maker, the endorsement or assignment of the instrument to the holder is not the foundation of the action, and it may be put in issue by a written plea without oath. 9 Humph. 464, 2 Heisk., 224.

In the case of Capitol Hill State Bank v. Rawlins State Bank, 11 A. L. R. 937, the Supreme Court of Wyoming held that:

"Mere possession of a certificate of deposit payable to order will not entitle the holder to enforce it against the maker without proof of endorsement or transfer by the payee, if such en-

dorsement and transfer are denied by the maker, although a pur-
ported endorsement appears on the instrument."

In the instant case the witness, Moody, identified the notes as having been executed by the defendant and payable to the original complainant, Southern Art Corporation.

The Southern Art Corporation filed the original bill alleging that it was the owner of said notes sued on. Later a supplemental bill was filed alleging that the original complainant had become a bankrupt and that the notes sued on had been assigned to R. I. Moore, Trustee for the benefit of seven men who had endorsed certain notes or had become sureties on certain indebtedness for the complainant. This averment was denied by the defendant. We are of the opinion that this should have been proven and that the decree in favor of C. H. Elliott, Trustee, is without proof to sustain it.

It results that the decree of the lower court is reversed, the writ of error sustained and complainant's bill is dismissed. It appearing that the defendant owes these notes to someone, the complainant's bill will be dismissed without prejudice. The costs of the cause will be taxed against C. H. Elliott, Trustee, for R. I. Moore, Trustee, for which execution will issue.

Heiskell and Senter, JJ., concur.